# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO GARCIA HINOJO, III,<br><br>Plaintiff,<br><br>v.<br><br>MARK ZUCKERBERG, et al.,<br><br>Defendants. | Case No. 1:23-cv-01184-JLT-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS BE DENIED<br><br>(ECF No. 2)<br><br>**DEADLINE: FOURTEEN DAYS** |

Plaintiff Francisco Garcia Hinojo, III ("Plaintiff"), proceeding *pro se*, initiated this civil rights action on August 9, 2023, pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  Plaintiff did not pay the initial filing fee but instead submitted an application to proceed *in forma pauperis* ("IFP") in this action.  (ECF No. 2.)  For the reasons discussed herein, the Court shall recommend Plaintiff's application to proceed IFP be denied.

## I.

## DISCUSSION

In order to proceed in court without prepayment of the filing fee, a plaintiff must submit an affidavit demonstrating that he "is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  The right to proceed without prepayment of fees in a civil case is a privilege and not a right.  Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 198 n.2 (1993); Franklin v. Murphy, 745 F.2d 1221, 1231 (9th Cir. 1984) ("permission to proceed *in forma pauperis* is itself a matter of privilege and not right; denial of *in forma*

1  *pauperis* status does not violate the applicant's right to due process").  A plaintiff need not be
2  absolutely destitute to proceed IFP, but his poverty must prevent him from paying the filing fee
3  and providing himself and his dependents (if any) with the necessities of life.  Adkins v. E.I.
4  DuPont de Nemours & Co., 335 U.S. 331, 339–40 (1948).

5      In assessing whether a certain income level meets the poverty threshold under
6  §1915(a)(1), courts look to the federal poverty guidelines developed each year by the
7  Department of Health and Human Services.  See, e.g., Boulas v. U.S. Postal Serv., No. 1:18-cv-
8  01163-LJO-BAM, 2018 WL 6615075, at *1 n.1 (E.D. Cal. Nov. 1, 2018) (applying federal
9  poverty guidelines to deny IFP application); Garcia de Carrillo v. Comm'r of Soc. Sec., No.
10 1:22-cv-00428-SAB, 2022 WL 2134703, at *1 (E.D. Cal. May 11, 2022) (same, on findings and
11 recommendations), report and recommendation vacated, No. 1:22-cv-00428-DAD-SAB, ECF
12 No. 7 (E.D. Cal. Jun. 24, 2022) (findings and recommendations vacated following plaintiff's
13 payment of filing fee); see also Lint v. City of Boise, No. CV09-72-S-EJL, 2009 WL 1149442, at
14 *2 (D. Idaho Apr. 28, 2009) (collecting cases).  Whether to grant or deny an application to
15 proceed without prepayment of fees is an exercise of the district court's discretion.  Escobedo v.
16 Applebees, 787 F.3d 1226, 1236 (9th Cir. 2015); see also U.S. v. McQuade, 647 F.2d 938, 940
17 (9th Cir. 1981) (the court has discretion to make a factual inquiry into a plaintiff's financial
18 status and deny an IFP application if he is unable or unwilling to verify his poverty).  Further,
19 "[t]he Court is entitled to consider the economic priority Plaintiff placed on the use of his money,
20 received from any source."  Evans v. Sherman, No. 1:19-cv-00760-LJO-JLT (PC), 2019 WL
21 5377040, at *2 (E.D. Cal. Aug. 21, 2019) (citing Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir.
22 1995)); see also Kurz v. Zahn, No. 1:11-cv-00342-EJL-MHW, 2012 WL 4458128, at *2 (D.
23 Idaho Apr. 13, 2012) ("Nor can all the items included on her list of monthly obligations, even
24 generously construed, be considered as the 'necessaries of life.' ").

25     Plaintiff has filed an application declaring that, due to poverty, he is unable to pre-pay the
26 full amount of fees and costs for these proceedings or give security therefor, and that contends
27 Plaintiff is entitled to the relief sought in the complaint.  (ECF No. 2.)  Plaintiff's application to
28 proceed IFP, however, reflects that Plaintiff currently has $10,000.00 in his checking/savings

account, an automobile valued at $4,000.00, and electronic/digital assets of an unknown value. (Id. at 2.)  Plaintiff also indicates that he earns a "take home" salary of $2,800.00 bi-weekly (*i.e.*, $72,000.00 annual salary).  (Id. at 1.)  Plaintiff does not indicate he has any dependents.[1]  (Id. at 3.)  Thus, Plaintiff's annual household income appears significantly greater than the 2023 federal poverty guideline for a household of one person ($14,580.00).  See 2022 Poverty Guidelines, https://aspe.hhs.gov/poverty-guidelines (last visited Aug. 11, 2023).  Plaintiff's salary and the available balance in Plaintiff's account therefore reflect that Plaintiff can pay the $402.00 filing fee for this action.

Based on the foregoing, the information that Plaintiff has provided to the Court reflects he is financially able to pre-pay the entire filing fee to commence this action.  Although the Ninth Circuit Court of Appeals has held that "the filing fee ... should not take the [pro se plaintiff's] last dollar," Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir. 1995), in these circumstances, it appears Plaintiff has sufficient funds to pre-pay the $402.00 filing fee with money left over.  Should Plaintiff have additional information to provide the Court, or should Plaintiff's available balance change by the time he receives this order, he may notify the Court.  However, Plaintiff is advised that the Court has the authority to consider any reasons and circumstances for any change in Plaintiff's available assets and funds.  See Collier v. Tatum, 722 F.2d 653, 656 (11th Cir. 1983) (district court may consider an unexplained decrease in an inmate's trust account, or whether a *pro se* plaintiff's account has been depleted intentionally to avoid court costs).  Therefore, Plaintiff's motion to proceed *in forma pauperis* must be denied.  If Plaintiff wishes to proceed with this action, Plaintiff must pre-pay the $402.00 filing fee in full.

## II.

## CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff Francisco Garcia Hinojo, III's motion to proceed *in forma pauperis* (ECF

---

[1] In response to question 6's request to list "the persons who are dependent on you for support, state your relationship and indicate how much you contribute to their support," Plaintiff states "National Reconnaissance Office – Surveillance." (Id at 3.)  This is not a person, nor does Plaintiff provide any further information to indicate that his response is relevant to the determination of whether he has any dependents, or how much money he contributes to support them.  As such, the answer is disregarded as nonresponsive.

No. 2) be denied; and

2. Plaintiff be directed to pay the $402.00 filing fee for this action.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of issuance of this recommendation, Plaintiff may file written objections to the findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Alternatively, Plaintiff may elect to pay the required filing fee.

The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 11, 2023**

UNITED STATES MAGISTRATE JUDGE

4