# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO GARCIA HINOJO, III,<br><br>Plaintiff,<br><br>v.<br><br>MARK ZUCKERBERG, et al.,<br><br>Defendants. | Case No. 1:23-cv-01184-JLT-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION AS FRIVOLOUS<br><br>(ECF No. 1)<br><br>**OBJECTIONS DUE WITHIN TWENTY-ONE DAYS** |

## I.

## INTRODUCTION

Plaintiff Francisco Garcia Hinojo, III is appearing *pro se* in this action filed on August 9, 2023. (ECF No. 1.) On August 11, 2023, the Court issued findings and recommendations that Plaintiff's motion to proceed *in forma pauperis* be denied. (ECF No. 3.) On September 15, 2023, the District Judge adopted the findings and recommendations and ordered Plaintiff to pay the filing fee to proceed. (ECF No. 4.) On September 21, 2023, Plaintiff paid the filing fee in this action. Based on review of the complaint, the Court issues the following findings and recommendations recommending that this action be dismissed for being frivolous, and lacking in any arguable basis of fact or law.

/ / /

/ / /

1

## II.

## LEGAL STANDARD

"A district court has the inherent authority to dismiss frivolous actions." Baldhosky v. California, No. 114CV00166LJOMJSPC, 2018 WL 1407103, at *3 (E.D. Cal. Mar. 21, 2018) (citing Damjanovic v. Ambrose, 991 F.2d 803 (9th Cir. 1993) ("Damjanovic"); Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988) ("Sparling"); Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 364 (2d Cir. 2000)); see also Ireland v. Buffet, No. 122CV00497JLTBAM, 2023 WL 2938377, at *1 (E.D. Cal. Apr. 13, 2023) (noting same and citing to same Damjanovic and Sparling), report and recommendation adopted, No. 122CV00497JLTBAM, 2023 WL 3319091 (E.D. Cal. May 9, 2023);[1] Stevens v. Rifkin, 608 F. Supp. 710, 733 (N.D. Cal. 1984) ("[T]he Court will dismiss plaintiffs' Complaint as against the SPCA pursuant to its inherent power to dismiss frivolous lawsuits."); In re Van Owen Car Wash, Inc., 82 B.R. 671, 674 (Bankr. C.D. Cal. 1988) ("[J]udicial power in bankruptcy judges is analogous to the broad, inherent power of district court judges to dismiss collusive, sham, and frivolous suits, and needs no statutory basis.").

"A paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction . . . and may be dismissed sua sponte before service of process." Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (citing Hagans v. Lavine, 415 U.S. 528, 536–37, (1974)), abrogated by Neitzke v. Williams, 490 U.S. 319 (1989). Thus, "[w]here a complaint is 'obviously frivolous' the district court may dismiss the complaint, even if the plaintiff has paid the filing fee." Wallace v. Lynch, No. 220CV2265TLNDBPS, 2021 WL 2016620, at *1 (E.D. Cal. May 20, 2021) (quoting Franklin, 745 F.2d at 1227 n.6). "However, this authority extends

---

[1] The Court notes that Damjanovic is an unpublished Ninth Circuit opinion. See Ninth Circuit Rule 36-3 ("Unpublished dispositions and orders of this Court issued before January 1, 2007 may not be cited *to* the courts of this circuit, except in the following circumstances . . . when relevant under the doctrine of law of the case or rules of claim preclusion or issue preclusion . . . for factual purposes, such as to show double jeopardy, sanctionable conduct, notice, entitlement to attorneys' fees, or the existence of a related case . . . [or] in a request to publish a disposition or order made pursuant to Circuit Rule 36-4, or in a petition for panel rehearing or rehearing en banc, in order to demonstrate the existence of a conflict among opinions, dispositions, or orders.") (emphasis added). The Court notes that Sparling stated "[a] trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for *failure to state a claim* . . . [and] must give notice of its intention to dismiss and give the plaintiff some opportunity to respond unless the '[p]laintiffs cannot possibly win relief.' " Sparling, 864 F.2d at 638 (emphasis added) (quoting Wong v. Bell, 642 F.2d 359, 361 (9th Cir. 1981)).

only to suits that lack 'an arguable basis either in law or fact.' " Baldhosky, 2018 WL 1407103, at *3(quoting Greathouse v. JHS Sec. Inc., 784 F.3d 105, 119 (2d Cir. 2015)). "Unlike the authority provided under the in forma pauperis statute, the court's inherent authority to dismiss sua sponte does not extend to 'otherwise well-pled claims for relief on the ground that they fail to state a claim.' " Baldhosky, 2018 WL 1407103, at *3 (quoting Greathouse, 784 F.3d at 119-20) (citing Nietzke, 490 U.S. at 329–30); see also Anderson, No. MC 18-3-M-DLC-JCL, 2018 WL 4901082, at *1 (D. Mont. June 26, 2018) ("[E]ven where the filing fee is paid, the court has the inherent authority to dismiss a complaint that is frivolous and lacking any arguable basis in law or fact." (citing Baldhosky 2018 WL 1407103 *3)).

The Court has an independent obligation to determine whether it has subject-matter jurisdiction. See Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."); see also Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) (noting that "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived"); Wilson v. Lynch, 835 F.3d 1083, 1091 (9th Cir. 2016). Consequently, "[f]ederal courts are required sua sponte to examine jurisdictional issues such as standing." D'Lil v. Best W. Encina Lodge & Suites, 538 F.3d 1031, 1035 (9th Cir. 2008); Bernhardt v. Cnty. of L.A., 279 F.3d 862, 868 (9th Cir. 2002) (internal quotation marks omitted and citations omitted); accord U.S. v. Hays, 515 U.S. 737, 742 (1995); Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999) ("Generally, a district court may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint . . . [however] a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.").

Courts are to liberally construe documents filed *pro se*, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

3

lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted); see also Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) ("[W]here the petitioner is *pro se*, particularly in civil rights cases, [courts should] construe the pleadings liberally and … afford the petitioner the benefit of any doubt." (quoting Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010))). Nonetheless, while factual allegations are accepted as true, legal conclusions are not. Bell Atlantic Corp. v. Twombly (Twombly), 550 U.S. 544, 555 (2007). Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

## III.

## DISCUSSION

Plaintiff names the following Defendants: (1) Mark Zuckerberg, identified as CEO of Meta and Facebook; (2) Lisa Smittcamp, identified as District Attorney of Fresno County; (3) Jerry Dyer, identified as Mayor of Fresno; (4) and Stacy Cordero, identified as a Senior Investigator for the County of Fresno. (Compl. 2-3, ECF No. 1.)

As a basis for jurisdiction, Plaintiff checks the box for diversity jurisdiction. (Compl. 3.) However, Plaintiff identifies himself and Mark Zuckerberg as both citizens of California, and thus has not pled diversity jurisdiction.

Plaintiff also fills in information in the area requesting information pertaining to federal question jurisdiction. There, Plaintiff cites to at least fourteen (14) different federal statutes, including the following identified by name: the Patriot Act, the Freedom of Information Act, and ERISA. Plaintiff also cites to California penal statutes, for example, Penal Code § 132, pertaining to falsifying evidence, and bribing, influencing, intimidating or threatening witnesses. Plaintiff also appears to cite to Standard 2.11, Title IV of the Rules of Procedure of the State Bar of California, which provides for disbarring an attorney for committing an act of moral turpitude.

A review of some of the federal statutes reveals no apparent connection to the lawsuit, and Plaintiff does not explain the reasoning behind the citations as to support federal jurisdiction. For example, 15 U.S.C. § 7001, states in one part, "that with respect to any transaction in or affecting interstate or foreign commerce— (1)a signature, contract, or other record relating to

such transaction may not be denied legal effect, validity, or enforceability solely because it is in electronic form." 15 U.S.C. § 7001(a)(1).  Plaintiff cites to 15 U.S.C. § 2087, which pertains to whistleblower protection for employees discharged by a "manufacturer, private labeler, distributor, or retailer." 15 U.S.C. § 2087(a).

For amount in controversy, Plaintiff writes "Mark Zuckerberg allowed criminal investigations with settlements and lawsuits and overall thirty billion for this $30,000,000,000." (Compl. 5 (capitalization altered).)

Under statement of claim, Plaintiff writes "amount ($30,000,000,000) thirty billion dollars and criminal prosecution . . . additional forms attached." (Id. (capitalization altered).)

For relief, Plaintiff writes: "moral turpitude 2.11 (18 U.S.C. 242) (18 U.S.C. 241), theft and fraud, deprivation of rights 18 U.S.C. 241, civil harassment, obstruction of justice, evidence, witnesses, and cases." (Compl. 6.)

Plaintiff attached various exhibits that have no clear connection to the above allegations and claims.  The first exhibit appears to be an email from Defendant Stacy Cordero, acting as Senior Investigator for the Office of the District Attorney, County of Fresno, responding to an email sent from what appears to be Plaintiff's email account, with the subject line "Welfare Fraud and Child Endangerment and Negligience [sic]." (Compl. 7.)  The next exhibit is an account summary from "FasTrak Customer Service," apparently relating to tolls charged to Plaintiff. (Compl. 8.)  The next exhibit is a printout from what appears to be the United States Secret Service website, and the National Center for Missing and Exploited Children Liaison." (Compl. 9.)  The next attachment is a letter dated September 22, 2016, from the office of then Attorney General Kamala Harris, relating to Plaintiff's request for criminal history records. (Compl. 10.)

Plaintiff then attaches typewritten documents pertaining to other cases, and the Defendants in this case.  In part, describing other cases, Plaintiff writes:

> Needing enough evidence for All active and "ON-GOING" investigations against me, (1:23-CV-00481-JLT-BAM), proves how my credit score is targeted daily along with my financial accounts being grossly handled, including healthcare concerns over surveillance . . . I am still waiting to hear back from the SEC on the

> case I recently filed . . .
> . . . A little about myself I have been on surveillance most of my life, well, we'll say my whole life. My family being involved with the Department of Treasure . . . Department of Justice and [i]n Politics living on a LIVE system is a must, it's the Federal Government and its paranoia. Yet, with family and myself being involved with immigration and agriculture we are familiar with the [DHS] (PATRIOT ACT/FISA). . . . Through the Holy See (Catholic Church) my surveillance and case reached the United Nations and International Court of Justice in which the United States Supreme Court has access to the same warrants . . . I reached out to the Attorney General who is now Vice-President Kamala Harris regarding surveillance and investigations hoping to get some feedback.

(Compl. 12-13.)

Plaintiff lists the following investigations: "FBI, CIA, CPS/HHS, White House (USSS), Congress (USSS), District Attorney Fresno, District Attorney Alameda County, California Attorney General's Office, Fresno Police, Fresno County Sheriff, United Nations (USSS) (INTERPOL), Catholic Church (USSS) (INTERPOL." (Compl. 13.) Plaintiff states to cooperate "with the investigations and communicate with the investigators I needed to use social media to avoid obstruction of justice [18 U.S.C. § 510] with the Government Officials involved I had to avoid sophisticated obstacles [18 U.S.C. § 241[ [and] [m]y trust issues in these conversations opened awareness and suspicion [18 U.S.C. § 242] 2.11 Moral Turpitude." (Compl. 13.)

The complaint continues in the same fashion listing similar general allegations under the named Defendants, without a clear factual basis actually connected to the listed Defendants. (Compl. 14-18.) For example, under Mark Zuckerberg, Plaintiff begins by stating:

> Donald John Trump was a figure I reached out to regarding many of my concerns . . . [t]he case would be in achieves through the USSS. Don't forget the investigations that were opened before the Facebook account. Candidate Trump and I used the same United States Secret Service . . . During Former President Trumps Tenure, I was consistent- with messaging using Facebook as I do today, its surveillance no way around the warrants.

(Compl. 14.) As another example, under Defendant Lisa Smittcamp, Plaintiff writes:

> As the City's Public Defense and Prosecutor most, influential cases were overlooked by this Attorney. Yet, on DA Smittcamp[']s term the following was publicly introduced without confidence in any

|   |   |
|---|---|
| 1 | other independent contractor to correct and restore confidence to the community.  Public Corruption, Human Trafficking, Sex Trafficking, Drug Trafficking, Theft by Deception/Phishing . . . |
| 2 |   |

(Compl. 16.)

A pleading is "factual[ly] frivolous[ ]" when "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 25-26 (1992).  Clearly baseless factual allegations include those "that are 'fanciful,' 'fantastic,' and 'delusional.' " Denton, 504 U.S. at 32-33 (quoting Neitzke, 490 U.S. at 325, 327, 328).  Here, the Court finds that Plaintiff has alleged claims that are frivolous and lacking any arguable basis in law or fact, and therefore recommends *sua sponte* dismissal pursuant to the Court's inherent authority.  See Baldhosky 2018 WL 1407103 *3); Franklin, 745 F.2d at 1227 n.6; Hinojo v. United States, No. 123CV00481JLTBAM, 2023 WL 2976299, at *2 (E.D. Cal. Apr. 17, 2023) ("The court concludes that the allegations in the complaint are fanciful, insubstantial, devoid of merit, and frivolous . . . Plaintiff seeks relief of $30,000,000,000.00 for an unspecified 'medical related' issue . . . [and] further cites statutes that appear unrelated to personal medical issues."), report and recommendation adopted, No. 1:23-CV-0481 JLT BAM, 2023 WL 4087583 (E.D. Cal. June 20, 2023).

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a)(2).  In this instance, the Court finds no amendment could cure the frivolous nature of the complaint.  Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004; Washington v. Lowe's HIW Inc., 75 F. Supp. 3d 1240, 1245 (N.D. Cal. 2014), appeal dismissed (Feb. 25, 2015).  Accordingly, the Court finds that granting leave to amend would be futile and this action should be dismissed without leave to amend.

Nonetheless, the Court shall provide twenty-one (21) days to file objections.  See Douglas v. Kalanta, No. 121CV01535JLTEPGPC, 2022 WL 16748728, at *11 n.11 (E.D. Cal. Nov. 7, 2022) (noting "a *sua sponte* dismissal generally requires notice and an opportunity to be heard before the dismissal," and stating "[t]hese findings and recommendations shall service as notice to Plaintiffs that the claims against Defendant Modesto Police Department may *sua sponte*

be dismissed and Plaintiffs shall have the opportunity to be heard by being permitted to file objections within twenty-one days of these findings and recommendations." (citing Baldhosky, 2018 WL 1407103, at *3)), report and recommendation adopted, No. 121CV01535JLTEPG, 2022 WL 17834036 (E.D. Cal. Dec. 21, 2022)

## IV.
## RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that, pursuant to the Court's inherent authority, Plaintiff's complaint be *sua sponte* dismissed without leave to amend, as frivolous and lacking an arguable basis in fact or law.

These findings and recommendations are submitted to the District Judge to be assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **twenty-one (21) days** of service of these recommendations, Plaintiff may file written objections to these findings and recommendations with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The District Judge will review the Magistrate Judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 29, 2023**

UNITED STATES MAGISTRATE JUDGE